| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
|---|---|---|
| | )§ | |
| COUNTY OF MEADE | ) | FOURTH JUDICIAL CIRCUIT |
| | ) | |
| ANDREA HAUTALA, | ) | File No. _____ |
| and STEVEN HAUTALA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **DECLARATORY ACTION** |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

COME NOW, the Plaintiffs, by and through their counsel, Robin L. Zephier, and for their cause of action against the above-named Defendant, states and alleges as follows:

1. That the Plaintiffs Andrea and Steven Hautala, are residents of Sturgis, Meade County, South Dakota.

2. At the time of the subject June 29, 2005 motor vehicle accident, Plaintiff Andrea Hautala was approximately twenty seven (27) years old, in good health and was a physically active and amenable person. At the time of the subject accident, Plaintiff Steven Hautala was 27 years old, in good health and the husband to Plaintiff Andrea Hautala. Plaintiffs purchased an automobile insurance policy with the Defendant, and had said policy in effect at the time of said subject accident. The Defendant Progressive Direct Insurance Company, is an insurance carrier with its home office in the State of Ohio. The Defendant Progressive Direct Insurance Company to the Plaintiffs Andrea and Steven Hautala's best information, knowledge, and belief, is a duly registered Insurance

1

company with the Division of Insurance for the State of South Dakota, and transacts business and sells insurance policies in Meade County, South Dakota, and within the entire State of South Dakota, as well as nationwide.

3. That Defendant Progressive Direct Insurance Company owed and owes a duty of good faith to Plaintiffs Andrea and Steven Hautala at all times relevant, and also owes and owed a fiduciary duty to Plaintiffs Andrea and Steven Hautala to provide insurance customer services and to make reasonable and fair disclosures to Plaintiffs Andrea and Steven Hautala in the insurance contract purchase, transaction, and ultimate first party claims handling.

4. That Plaintiffs Andrea and Steven Hautala had a policy/contract of insurance with Defendant Progressive Direct Insurance Company (Policy No.45725551-5) providing them each with underinsured motorist (UIM) coverage in the amount of twenty-five thousand ($25,000) dollars per person and fifty ($50,000) dollars per person per accident. According to Plaintiffs Andrea and Steven Hautala's best knowledge and reasonable belief, the Defendant Progressive Direct Insurance Company, has refused to honor its contract of insurance and has breached that contract, including but not limited to, failure to pay or acknowledge responsibility to reasonably and promptly pay for all of Plaintiffs Andrea and Steven Hautala' reasonable and necessary property damages, underinsured motorist (UIM) bodily injury, medical expenses, accidental death and disability benefits, reasonable investigation expenses, and other damages. This alleged conduct of refusal of first party insurance benefits continues on a daily basis and thus is a

continuing breach to the present time.

5. That all the critical acts complained herein giving rise to the Complaint and Declaratory Action occurred within Meade County, of South Dakota, including the discovery of the full extent of the damages, and the decision to deny full coverage and payment for Plaintiff Andrea and Steven Hautala's damages, even though the motor vehicle accident in question giving rise to this litigation did occur in Pennington County, South Dakota.

6. That at all times pertinent herein, the Defendant, Progressive Direct Insurance Company was acting by and through their agents and/or employees and claims representatives and agency personnel, which acted for and on behalf of Defendant Progressive Direct Insurance Company.

## COUNT ONE: BREACH OF CONTRACT

Plaintiffs Andrea and Steven Hautala hereby incorporate paragraphs one through six (1-6) of this Complaint as if specifically set forth herein.

7. That on or about June 29, 2005, the tortfeasor in the separate, but related underlying third party claim, Jason Barnum, the third party tortfeasor, insured by Progressive Northern Insurance Company, (a subsidiary of Progressive Direct's parent company), operated a motor vehicle owned and insured by himself, on a road, to wit: Highway 79, south of Rapid City, Pennington County, South Dakota, in a negligent and careless and reckless manner, that was the sole proximate cause of a motor vehicle accident resulting in bodily injuries to the Plaintiff Andrea Hautala.

8. That third party tortfeasor Jason Barnum, owed Plaintiff Andrea Hautala, a

3

duty to exercise reasonable care in the operation of the motor vehicle that the tortfeasor was operating at the time of the subject accident. Tortfeasor Barnum breached that duty in that he failed to operate the vehicle in a safe and reasonable manner and thereby proximately and directly caused said motor vehicle accident. The physical injuries to Plaintiff Andrea Hautala, occurred when the Barnum vehicle crashed into Plaintiff Andrea and Steven Hautala's vehicle practically head-on, due to Jason Barnum's negligence, on Highway 79 south of Rapid City, South Dakota.

9. That as a direct and proximate result of the negligence of tortfeasor Jason Barnum, Plaintiff Andrea Hautala suffered serious injuries to her body. Plaintiff Andrea Hautala, also suffered terror and excruciating anguish at the moments when the vehicle went out of control, and up until the point the vehicles came to a stop.

10. As a direct and proximate result of tortfeasor Jason Barnum's breach of his legal duty, Plaintiff Andrea Hautala suffered past medical expenses in an amount in excess of ($12,644.46) and other compensatory and special and general damages including but not limited to bodily injury, past and present physical and emotional injuries, past, present and future pain and suffering, loss of enjoyment of life, loss of future earning capacity disfigurement, disability, scarring, property damages and other consequential damages.

11. The Plaintiff Andrea Hautala was not in any way, contributorily negligent in any manner or form in causing this accident, or Plaintiff's injuries.

12. The above described accident was proximately caused by the negligent act of tortfeasor Jason Barnum, in his reckless and negligent operation of the vehicle. By not

4

proceeding with due caution and ordinary care, his negligent acts caused, said Plaintiff Andrea Hautala injuries and damages. The accident would not have occurred but for Barnum's negligent and reckless conduct. Barnum had an automobile liability insurance policy with Progressive Northern Insurance Company with $25,000 per person per accident and $50,000 per accident liability limits, and therefore tortfeasor Barnum was "underinsured", or an "underinsured motorist" (UIM) at the time of his negligent act.

13. The Plaintiffs Andrea and Steven Hautala' had a contract of automobile insurance with Defendant Progressive Direct Insurance Company, (Policy No.45725551-5) a company which provides coverage for injuries, vehicle damages and entitlement to first party benefits, including underinsured motorist coverage (IUM), caused by accidental and consequential loss for damages to the insured motor vehicle, and to Plaintiffs Andrea and Steven Hautala, for which Plaintiffs Andrea and Steven Hautala have paid valuable consideration in the form of auto insurance premiums.

## COUNT TWO: BAD FAITH AGAINST DEFENDANT PROGRESSIVE DIRECT INSURANCE COMPANY

Plaintiffs Andrea and Steven Hautala hereby incorporates paragraphs one through thirteen (1-13) of this Complaint as if fully set forth herein.

14. According to Plaintiffs Andrea and Steven Hautala's best knowledge and reasonable belief, Defendant Progressive Direct Insurance Company, has acted in bad faith in rejecting most, if not a significant part, of Plaintiffs Andrea and Steven Hautala claims and by failing to reasonably settle their claims within specified coverage policy limits and furthermore, by failing to promptly pay the claim as requested by Plaintiffs Andrea and Steven Hautala, their insured, after legal liability and proximate causation of

said damages Caused by tortfeasor Barnum, an underinsured motorist, were made reasonably clear.

15. That Defendant Progressive Direct Insurance Company have acted in bad faith by failing to reasonably and promptly provide information from Plaintiffs Andrea and Steven Hautala's agency file upon Plaintiffs Andrea and Steven Hautala's reasonable written request, to the detriment of Plaintiffs Andrea and Steven Hautala.

16. According to Plaintiffs Andrea and Steven Hautala's best knowledge and reasonable belief, Defendant Progressive Direct Insurance Company, has acted in bad faith in its failure to adequately inform and otherwise reasonably advise Plaintiffs Andrea and Steven Hautala, of the existence of urgently needed and available insurance coverages and appropriate and reasonable first party per person per accident policy limits (MPC, UM/UIM, Accidental death and Disability, etc.) which were available to Plaintiff Andrea Hautala, to their personal and economic damage.

17. According to Plaintiffs Andrea and Steven Hautala's best knowledge and reasonable belief, Defendant Progressive Direct Insurance Company, has acted in bad faith by failing to adequately and reasonably respond to Plaintiffs Andrea and Steven Hautala' written inquiries and requests for information with thirty (30) days of such written requests or within a reasonable time following such requests, much to the damage of Plaintiffs Andrea and Steven Hautala and creating further pain and suffering, mental anguish, emotional distress and other consequential damage to Plaintiffs Andrea and Steven Hautala. That the failure to so act and to fail to act reasonably and in good faith on behalf of Defendant Progressive Direct Insurance Company, constituted negligent

and/or intentional (reckless disregard) infliction of emotional distress upon Plaintiffs Andrea and Steven Hautala in breach of Plaintiffs Andrea and Steven Hautala's contractual rights and remedies.

18. That by reason of the foregoing, the Defendant Progressive Direct Insurance Company is liable to the Plaintiffs Andrea and Steven Hautala for an amount to be determined by a jury and, in addition thereto, for the Plaintiffs Andrea and Steven Hautala's attorney fees, costs and expenses of this action because of vexatious and unreasonable refusal to pay reasonable damages to its insured; and for punitive and exemplary damages in the sum to be set by a jury herein, after giving due consideration to the net worth and earnings of the Defendant Progressive Direct Insurance Company.

19. According to Plaintiffs Andrea and Steven Hautala's best knowledge and reasonable belief, Defendant Progressive Direct Insurance Company has acted in bad faith in its failure to reasonably investigate into the cause, liability, negligence, parties' [scientific data] and to take part in effort and financial support, in attempts to reasonably investigate the accident. All of the above referenced bad faith conduct continues on a daily basis and thus is a continuing breach and violation to the present time.

20. Defendant Progressive Direct Insurance Company's conduct as set forth above was done without a reasonable basis and with knowledge or reckless disregard for the lack of reasonable basis. As such, such conduct was done in bad faith.

21. Defendant Progressive Direct Insurance Company's bad faith conduct includes, inter alia:

    (a) Failing to promptly and fairly investigate Plaintiffs Andrea and Steven Hautala's claims for benefits;

(b) Failing to promptly and fairly evaluate Plaintiffs Andrea and Steven Hautala's and claims for benefits;

(c) Failing to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of claims;

(d) Seeking to hide the lack of basis in the policy, fact or law for the denial of claims through the use of confusing, deceptive forms and language, and Defendant and its agents failed to provide a proper explanation of the basis for claim payment or denial;

(e) Applying the terms of the policy contrary to the clear meaning in an attempt to limit, delay, or deny coverage for benefits due;

(f) Applying ambiguous provisions of the policy in a manner that elevates the interests of the insurance company above that of the insured;

(g) Such other conduct that evidence Progressive Direct Insurance Company's failure to give at least as much consideration to its insured's interests as to its own.

22. As a result of Defendant Progressive Direct Insurance Company's bad faith conduct, Plaintiffs Andrea and Steven Hautala have been damaged and suffered economic and non-economic losses in an amount to be determined at trial.

23. As a direct and proximate cause of Defendant Progressive Direct Insurance's bad faith conduct, Plaintiff Steven Hautala suffered mental anguish and mental suffering, as well as, loss of trust and loss of peace of mind after watching how Defendant Progressive Direct Insurance Company was handling Plaintiff Andrea Hautala's claim, and in how Defendant Progressive Direct Insurance Company did not reasonably, fully, and fairly disclose to Plaintiffs important insurance coverage and coverage limits available to them.

## COUNT THREE: PUNITIVE DAMAGES

Plaintiffs Andrea and Steven Hautala hereby incorporates paragraphs one through twenty three (1-23) of this Complaint as if fully set forth herein.

24. According to Plaintiffs Andrea and Steven Hautala's best knowledge and belief, in doing all the things herein alleged, Defendant Progressive Direct Insurance Company acted intentionally, recklessly, wantonly, vexatiously, oppressively and/or maliciously and was guilty of a wanton and reckless disregard of the contractual, common law and statutory rights of the Plaintiffs Andrea and Steven Hautala.

25. Plaintiffs Andrea and Steven Hautala are entitled to punitive damages as the only way of deterring Defendant Progressive Direct Insurance Company from continuing to employ these wrongful, unreasonable and vexatious tactics against their own policyholders, including, but not limited to, Plaintiffs Andrea and Steven Hautala.

## COUNT FOUR: FRAUD/CIVIL CONSPIRACY AGAINST DEFENDANT PROGRESSIVE DIRECT INSURANCE COMPANY

Plaintiffs Andrea and Steven Hautala hereby incorporates paragraphs one through twenty five (1-25) of the Complaint as if fully set forth herein.

26. Defendant Progressive Direct Insurance Company sell automobile liability insurance policies in South Dakota to under advised, unsuspecting, innocent and uninformed consumers, such as Plaintiffs Andrea and Steven Hautala here, for Uninsured/Underinsured Motorist (UM/UIM) coverage limits, equal to the bodily injury liability per person per accident limits (i.e., $25,000.00 limit for each), by Defendant Progressive Direct Insurance Company collecting underwritten and subsumed premiums for both BI liability and UM/UIM coverages, when Defendant Progressive Direct Insurance Company knew that circumstances are nearly impossible where a policyholder could recover UIM "benefits" under such a scheme when the underlying BI policy limit

coverage is equal to the UIM coverage limit (25/50 each).

27.  Defendant Progressive Direct Insurance Company and/or its parent and subsidiary companies/entities, profit by selling fictitious (25/50 limits) UM/UIM coverage under this scheme, to Plaintiffs Andrea and Steven Hautala' good faith reasonable belief, so that Defendant and other insurers and agencies similarly situated can collect and continue to collect premium profits from unsuspecting consumers for "nonexistant" UIM coverage.  Defendant Progressive Direct Insurance Company used preprinted forms to sell, market, and complete the transaction(s) and the application(s) with the preprinted, deceptive UM/UIM per person per accident policy limits of $25,000.00, as in the case of policy number 45725551-5.

28.  Defendant Progressive Direct Insurance Company's policy and coverages were written in a way that makes it likely that the policyholder will expect to be covered to a fair and reasonable extent for available first party benefits for UIM and MPC, when, in actuality, Defendant Progressive Direct Insurance Company's intent is not to provide those coverages or have to pay out benefits under 25/50 limits UIM coverages.  This past and allegedly present and continuing practice is an unfair and deceptive trade practice.

29.  Defendant Progressive Direct Insurance Company have both suppressed and failed to reasonably disclose its practice of selling nonexistent UIM coverage, to its policyholders, when suppression of these facts is likely to, and actually does, mislead the policyholders.

30.  Plaintiffs Andrea and Steven Hautala have relied on Defendant Progressive Direct Insurance Company's material misrepresentations and omissions of material facts,

and has been damaged as a result, of being so induced, creating a detrimental reliance on nonexistent UIM coverage under the circumstances.

31. Defendant Progressive Direct Insurance Company, by their unfair and deceptive conduct complained of herein, and wrongful conspiracy, has been unjustly enriched in a manner which warrants a judicial determination that the practice of selling nonexistent UIM coverages, underwriting the insurance premium rates for UIM and charging monetary premiums for nonexistent UIM coverage for policy limits of $25,000.00 per person per accident, is an unfair and deceptive trade practice which injures consumers, including Plaintiffs and those similarly situated.

32. As a proximate consequence of Defendant Progressive Direct Insurance Company's improper conduct, the Plaintiffs Andrea and Steven Hautala made premium payments to Defendant Progressive Direct Insurance Company and its agents by being induced by this conduct, to purchase separate, yet nonexistent, UIM coverage.

33. That Defendant Progressive Direct Insurance Company either knew, or reasonably should have known that by selling UIM coverage in an amount of $25,000.00 per person per accident policy limit, whereby state law for the minimum BI liability limit is $25,000.00, that Defendant Progressive Direct Insurance Company would likely never have to pay any UIM benefits out to any claimant because the minimum BI limits are equal to the $25,000.00 UIM policy limit "coverage" offered, sold and marketed by Defendant, which is allegedly the only UIM limits allegedly offered by Defendant for sale to consumers such as Plaintiffs Andrea and Steven Hautala.

34. In committing the wrongful acts alleged, Defendant Progressive Direct

Insurance Company and its agents, marketers and underwriters, and those similarly situated insurance carriers and/or agents and/or agencies committing the same type of conduct as in this case, who are unnamed co-conspirators herein, have pursued a common plan, design, and course of conduct, acted in concert with, aided and abetted, and otherwise conspired with one another, in furtherance of the common design or scheme, as outlined herein.

35. Defendant Progressive Direct Insurance Company and its agents, according to knowledge and reasonable belief, have conspired to purposefully conceal the practice by which Defendant Progressive Direct Insurance Company and those now unnamed insurance carriers acting similarly, routinely, offer, market, induce, sell and profit from the sale of, insurance policies with the above described nonexistent (25/50 limits) UIM coverage, to innocent consumers, including Plaintiffs Andrea and Steven Hautala, by misrepresenting the true nature and existence of such coverages while collecting premiums for the same.

36. In furtherance of this conspiracy, Defendant Progressive Insurance Company's agents/sellers/marketers, in spite of their actual and/or constructive knowledge of such facts, never inform or otherwise reasonably and fully disclose to consumers, including Plaintiffs Andrea and Steven Hautala, that the consumers were buying an alleged UIM coverage with a $25,000.00 UIM per person per accident limit for which the consumer may never in all likelihood be able to collect upon if needed.

37. Further, Defendant Progressive Direct Insurance Company and its agents, and other unnamed insurance carriers and their agents acting similarly, also furthered the

civil conspiracy by marketing, selling, offering and collecting premiums for, the nonexistent (25/50 limits) UIM coverage by failing to disclose any of the above referenced facts to consumers, including Plaintiffs Andrea and Steven Hautala. The non-disclosure of such facts caused consumers, including Plaintiffs Andrea and Steven Hautala, to be induced to pay for a nonexistent UIM coverage, which caused detrimental reliance by Plaintiffs Andrea and Steven Hautala and those other similarly situated consumers.

38. The common purpose of this civil conspiracy was and is to deceive consumers in the public, including Plaintiffs Andrea and Steven Hautala, so as to induce consumers to pay monetary premiums for a coverage for a "risk" which will likely never occur in a loss, and which results in a windfall to Defendant Progressive Direct Insurance Company and its agents by implementing an unfair and deceptive scheme to wrongfully take money from its customers, insureds.

39. The effect of this alleged civil conspiracy is to violate state, tribal and federal law, to breach duties of good faith and fair dealing, and to unfairly deceive Defendant Progressive Direct Insurance Company's insureds and consumers in general, including Plaintiffs here.

## COUNT FIVE: DECLARATORY RELIEF

Plaintiffs Andrea and Steven Hautala hereby incorporate paragraphs one through thirty nine (1-39) of this Complaint as if fully set forth herein.

40. On or about June 29, 2005, Defendant, Progressive Insurance Company had an automobile insurance policy# 45725551-5, in effect under the name of Steven

Hautala (Plaintiff).

41. On or about June 29, 2005. Defendant's insured, Plaintiff Andrea Hautala, was a driver in the insured motor vehicle (1984 Mazda B2000), and was driving on Highway 79 south of Rapid City, South Dakota and within the exterior boundaries and jurisdiction of Pennington County, whereby tortfeasor Jason Barnum did, then and there, negligently and recklessly cause a two vehicle head-on accident causing significant injuries to Plaintiff Andrea Hautala. The insurance contract was negotiated, signed, sold, culminated, marketed, offered, adjusted, monitored and executed within Meade and Pennington Counties, and specifically within Meade County.

42. Separate causes of action have been made against Defendant Progressive -Direct Insurance Company, for breach of contract, bad faith, fraud and punitive damages for Progressive's negligent/intentional decision to deny full coverage, payment and contractual benefits to its insured, Andrea Hautala and Steven Hautala under the terms and conditions of the insurance contract.

43. Prior to June 29, 2005, Defendant Progressive Direct Insurance Company, provided a contract of insurance to Plaintiffs knowing that they lived within the State of South Dakota, and that any of their owned automobiles would principally be driven, used and/or garaged within the State of South Dakota, their home residence and domicile in Sturgis, Meade County, South Dakota.

44. The contract of insurance, to Plaintiffs Andrea and Steven Hautala's best knowledge and reasonable belief, was formulated, marketed, sold, advertised, culminated, transacted and executed within the State of South Dakota. The direct and indirect

consequential acts of Defendant Progressive Direct Insurance Company and the losses of Plaintiffs Andrea and Steven Hautala proximately caused by said breach and the consequential uncompensated damages and losses stemming from the accident on June 29, 2005, and thereafter, occurred in Meade and Pennington Counties, South Dakota, and the Defendant Progressive's past and present conduct and acts are alleged to be a continuing tort and breach of contract for each day when Defendant Progressive Direct Insurance Company did not and does not pay its obligations to Plaintiffs or to conduct its contractual affairs in good faith toward Plaintiffs Andrea and Steven Hautala.

WHEREFORE, Plaintiffs Andrea and Steven Hautala request for judgment against the Defendant as follows:

1.  For the actual expenses incurred in the full and complete compensation for all tort and contract damages sustained by Plaintiffs Andrea and Steven Hautala in the subject incident and as a result of Progressive's subsequent and nondisclosure conduct, and for the actual expenses incurred incidental to the said damages, past, present and future, and to the procuring of said expenses, reimbursements, losses and damages to the date of trial, together with interest thereon;

2.  For such monetary compensation as shall fully compensate for all of the losses, including, but not limited to, mental anguish, negligent and intentional infliction of emotional distress, and loss of past wages, loss of future earning capacity, property damage and consequential loss sustained by Plaintiffs Andrea and Steven Hautala to the date of trial with interest thereon and which is likely to continue into the future, in a sum to be determined by the jury in this case;

3. For an additional sum as and for punitive or exemplary damages in an amount to be set by the jury herein, based upon the Defendant Progressive Direct Insurance Company's net worth and earnings;

4. Plaintiffs Andrea and Steven Hautala request that this Court enter a declaratory judgment setting the rights and obligations of all parties and for an order declaring that Defendant Progressive Direct Insurance Company is required to extend UIM coverage to Plaintiffs Andrea and Steven Hautala to provide complete and full UIM coverage and payment to Plaintiffs Andrea and Steven Hautala, or to reform said contract so as to so provide, for any and all related losses/damages, and for their reasonable attorneys fees, costs and expenses in being forced to pursue these damages after Defendant Progressive Direct Insurance Company's denial of payment for the full extent of Plaintiffs Andrea and Steven Hautala' damages.

5. For Plaintiffs Andrea and Steven Hautala' attorney fees, costs, and expenses of these proceedings because of Defendant's vexatious and unreasonable refusal to pay;

6. For prejudgment interest on any award to which Plaintiffs Andrea and Steven Hautala is held entitled by the jury; and

7. For such other and further relief as the Court deems just and equitable.

Dated this 18th day of December, 2007.

ABOUREZK & ZEPHIER, P.C.

By: _____
Robin L. Zephier
Attorneys for Plaintiffs
Post Office Box 9460
2020 W. Omaha St.

16

Rapid City, South Dakota 57709
(605) 342-0097

**TRIAL BY JURY IS DEMANDED**